**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Zoltan George KONTSAGH, aka Zoltan Konthy, Defendant—Appellant.**

### No. 05–10293.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2006.

Decided April 18, 2006.

Loretta A. Sheehan, USH—Office of The U.S. Attorney, Honolulu, HI, for Plaintiff-Appellee.

Donna M. Gray, FPDHI—Federal Public Defender's Office, Honolulu, HI, for Defendant-Appellant.

Before: B. FLETCHER, BEEZER and FISHER, Circuit Judges.

## MEMORANDUM *

Zoltan Kontsagh appeals the district court's denial of his motion to dismiss the charge against him under 18 U.S.C. § 922(g)(1), which makes it unlawful for a

---

felon to "possess in or affecting commerce, any firearm or ammunition." Kontsagh argues that § 922(g)(1) is an unconstitutional exercise of Congress' Commerce Clause power as applied to him. We review de novo the constitutionality of a statute. *United States v. Gonzales*, 307 F.3d 906, 909 (9th Cir.2002). Because the parties are familiar with the facts we need not recite them in detail.

Kontsagh, a convicted felon, was in possession of a gun that he concedes was assembled in Belgium and traveled through Missouri before arriving in Hawaii. The government does not dispute that Kontsagh himself never carried the firearm across state lines.

Established precedent forecloses Kontsagh's as-applied constitutional claim because it is clear that his firearm, at some earlier time, traveled through interstate commerce. *See United States v. Rousseau*, 257 F.3d 925, 932–33 (9th Cir.), *cert. denied.* 534 U.S. 1013, 122 S.Ct. 503, 151 L.Ed.2d 413 (2001). In the absence of intervening, conflicting Supreme Court authority, we are bound by precedent. *See United States v. Gay*, 967 F.2d 322, 327 (9th Cir.1992).

The district court's denial is AFFIRMED.